UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN P. AUGMAN                              CIVIL ACTION

VERSUS                                         NO. 07-1508

SEACOR MARINE, L.L.C.                          SECTION "R" (4)

### ORDER AND REASONS

Before the Court is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure brought by plaintiff Stephen P. Augman. For the following reasons, the Court GRANTS plaintiff's motion.

### I.   BACKGROUND

Seacor Marine, L.L.C. employed plaintiff and assigned him to captain the M/V Sam McCall. The undisputed facts show that on April 11, 2006, Seacor transported Augman to the M/V Sam McCall to begin his duties as captain of the vessel. Augman traveled in the back seat of a company vehicle driven by Antonio D. Watson, a Seacor employee. En route to the vessel, Watson drove more than 70 miles per hour in a 70 mile per hour zone and ran off the paved road into an embankment causing a single vehicle accident.

(R. Doc. 10-3, ¶ 6-7).  Plaintiff does not dispute defendant's allegation that he was not wearing a seatbelt at the time of the accident.  Plaintiff alleges in his complaint that as a result of the accident he suffered serious and permanent physical injuries, permanent impairment, and disability.  (R. Doc. 1-1, ¶ 8).

Augman filed his original complaint against Seacor, invoking jurisdiction under the Jones Act, 46 U.S.C. 688, and maritime law.  He additionally alleged claims against American Home Assurance Company under Louisiana state law. (R. Doc. 1).  Augman voluntarily dismissed American Home Assurance Company on June 22, 2007.  (R. Doc. 6).  Augman now moves for summary judgment, declaring that: (1) he was a Jones Act Seaman at the time of the accident; (2) Antonio Watson, the driver, was 100 percent at fault for the accident; and (3) Watson was acting in the course and scope of his employment with Seacor at the time of the accident rendering Seacor liable under respondeat superior.  In its opposition, defendant disputes only Seacor's liability and argues that Augman is comparatively at fault for not wearing a seatbelt at the time of the accident.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled

to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

**A.   Seaman Status under the Jones Act**

Defendant has not contested that plaintiff was a Jones Act seaman at the time of the accident.  This claim is meritorious in any case.  Only seamen are entitled to benefits under the Jones Act, 46 U.S.C. § 688.  A seaman is one who (1) has a more or less permanent connection with a vessel in navigation and (2) whose duties contribute to the function of the vessel or the accomplishment of its mission. *Billings v. Chevron, USA, Inc.*, 618 F.2d 1108, 1109 (5th Cir. 1980).  Augman was a Seacor employee at the time of the accident, traveling to begin his duties as captain of the M/V Sam McCall.  That the accident took place on shore does not defeat Jones Act seaman status. *See Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 453 (5th Cir. 1980) ("once it is established that a worker is a seaman, the Jones Act permits him to recover from his employer even for injuries received while he is on shore"); *Higginbotham v. Mobil Oil Corp.*, 545 F.2d 422 (5th Cir. 1997), *rev'd on other grounds*, 436 U.S. 618 (1978) (finding that a seaman remained a seaman while in a helicopter that crashed while ferrying workers from the platform to shore).  The Court grants plaintiff's request for summary judgment finding Augman to be a Jones Act Seaman at the time of the accident.

**B.   Liability**

The Jones Act provides an injured seaman with a remedy for negligence against his employer.  *See Rich v. Bud's Boat Rental, Inc.*, 1997 WL 543093, at *1 (E.D. La Sept. 3, 1997) (citing *Hopson v. Texaco, Inc.*, 383 U.S. 262, 263 (1966)).  The Jones Act incorporates the standards of the Federal Employers' Liability Act, under which an employer is liable for injuries negligently inflicted on its employees by its "officers, agents, or employees." 45 U.S.C. § 51 (2004); *Hopson v. Texaco, Inc.*, 383 U.S. 262, 263 (1966).  Defendant admits that Watson, the driver of the vehicle, was acting in the course and scope of his employment when he transported plaintiff to the M/V Sam McCall. (R. Doc. 10-3, ¶ 5).  Defendant also admits that Watson was driving in excess of 70 miles per hour, and the police report states that the posted speed limit at the scene of the crash was 70 miles per hour.  (*Id.* at ¶ 6-7).  Further, Watson pleaded guilty to a violation of LA-R.S. 32:58, which proscribes careless operation of a motor vehicle.  (*Id.* at ¶ 21).  Given these undisputed facts, the Court finds that Watson was an employee of Seacor at the time of the accident, that he was negligent in causing the accident, and Seacor is liable for Watson's negligence. *See also Hopson*, 383 U.S. at 262-4 (finding respondent liable for taxi driver's negligence in accident that

killed one seaman and seriously injured another).

The Jones Act and FELA adopt a comparative negligence standard in which the amount of plaintiff's recovery is diminished proportionately by the amount of plaintiff's negligence. 45 U.S.C. § 53; *Broussard v. Stolt Offshore*, 467 F. Supp. 2d 668, 670 (E.D. La. 2006) (*citing Admiralty and Maritime Law* § 6-22). The parties dispute whether plaintiff is comparatively at fault for any injuries he sustained as a result of the accident. In support of its argument for comparative fault, defendant argues that under federal maritime law, a seaman has a duty to exercise the degree of care for his own safety that a reasonable, or ordinarily prudent, seaman would exercise under similar circumstances. *See, e.g., Gautreux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997); *In re Parish of Plaquemines*, 231 F. Supp. 2d 506, 512 (E.D. La. 2002).

Plaintiff counters that under substantive state law he had no statutory duty to wear a seatbelt while sitting in the back seat. *See* La. R.S. 32:3951.B. Plaintiff further avers that under Louisiana law, evidence that a passenger was not wearing a seatbelt at the time of an accident is inadmissible as evidence of comparative negligence:

> In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of

> this Section shall not be considered evidence of comparative negligence.

La. R.S. 32:295.1.E.  Plaintiff does not address how Louisiana state law affects his claims brought under federal maritime law.

There is a strong federal maritime policy favoring national uniformity. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 244 (1942).  "While states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretative decisions of this Court." *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409-10 (1953).  *See also Byrd v. Byrd*, 657 F.2d 615, 617 (4th Cir. 1981) ("[A]dmiralty law, at times, looks to state law, either statutory or decisional, to supply the rule of decision where there is no admiralty rule on point").

In a case involving similar facts, the United States District Court for the District of Connecticut decided that because the states are split on whether seatbelt use can be introduced as evidence for mitigation of damages, this principal of uniformity would be compromised if the Court applied Connecticut law regarding the non-admissibility of seatbelt use towards mitigation of damages. *Adams v. Harbor Transp. Co. Inc*. 16 F. Supp. 2d 171, 173 (D. Conn. 1996).  The Court instead fashioned a federal rule applicable to the narrow circumstances

of the case and held the following: "In the facts of this case, where the plaintiffs did not have a statutory duty to wear seat belts and cannot reasonably be expected to foresee that a hired driver would drive recklessly and be involved in an accident, the plaintiffs' duty to mitigate damages did not arise before the accident occurred." *Id*. at 174.

This Court agrees that direct application of Louisiana state law would undermine the uniformity of federal admiralty law. *See Byrd*, 657 F.2d at 617 ("A state law, even though it does not contravene an established principle of admiralty law will, nevertheless, not be applied where its adoption would impair the uniformity and simplicity which is a basic principle of the federal admiralty law") (*citing Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 402 (1970)). While a majority of jurisdictions do not allow evidence of seatbelt nonuse to reduce damages or find comparative fault, there is still a strong minority of states that do allow such evidence. *See, e.g.,* Annotation, Nonuse of Seatbelt as Reducing Amount of Damages Recoverable, 62 A.L.R. 5th 537 (2006). Other than *Adams v. Harbor Transp. Co. Inc.*, the Court has not found any federal maritime cases directly on point. The Fifth Circuit case *Trico Marine Assets, Inc. v. Diamond B Marine Services, Inc.*, 332 F.3d 779 (5th Cir. 2003), while involving nonuse of a seatbelt, is

distinguishable from the current case.  The *Trico* events took place on a vessel under conditions where the plaintiff himself was operating the vessel recklessly.  The Fifth Circuit also highlighted that the plaintiff had previously been injured as a result of failure to wear a seatbelt.  While there are a number of federal cases in which courts have found employers liable under the Jones Act for injuries seamen sustained while riding as passengers in automobiles, none addresses the issue of plaintiff's possible comparative negligence.  *See, e.g., Hopson v. Texaco*; *Vincent v. Harvey Well Service*, 441 F.2d 146 (5th Cir. 1971); *Magnolia Towing Co. v. Pace*, 378 F.2d 12 (5th Cir. 1967); *Thier v. Lykes Bros.*, 900 F. Supp. 864 (S.D. Tex. 1995); *Williamson v. Western-Pacific Dredging Corp.*, 304 F. Supp. 509 (D. Or. 1969).

    Under maritime law, the standard of care plaintiff is held to is a duty to exercise the degree of care for his own safety that a reasonable, or ordinarily prudent, seaman would exercise under similar circumstances.  *Gautreux*, 107 F.3d at 338-39.  Although the Court does not hold that a seaman never has a duty to wear a seatbelt in the back seat of a vehicle, on the facts of this case, there is no issue of plaintiff's negligence.  Plaintiff has moved for summary judgment on the issue of liability.  Seacor, which has the burden of proof on comparative

fault, opposed the motion arguing that plaintiff is comparatively at fault because he was not wearing a seatbelt. However, defendant has cited no record evidence that would support a finding that plaintiff's failure to wear a seatbelt contributed either to the accident or to his injuries. Because defendant has not carried his burden of showing specific facts that demonstrate a genuine issue for trial, summary judgment is appropriate on plaintiff's liability claim against Seacor. *Celotex Corp. v. Catrett*, 477 U.S. at 322-324 (summary judgment should be granted when nonmoving party fails to meet its burden of proof on an essential element of his case).

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment.

New Orleans, Louisiana, this 17th day of September, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE