UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN P. AUGMAN                              CIVIL ACTION

VERSUS                                         NO. 07-1508

SEACOR MARINE, L.L.C.                          SECTION "R" (4)

### ORDER

Defendant Seacor Marine moves for reconsideration of this Court's September 17, 2007 Order and Reasons. Plaintiff opposes the motion. For the following reasons, the Court DENIES defendant's motion for reconsideration.

The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted).

The Court previously held that defendant submitted no evidence that plaintiff's failure to wear a seatbelt while riding in the back seat contributed either to the accident or to his injuries. It is undisputed that plaintiff is not comparatively at fault for causing the accident. It is also undisputed that the accident caused plaintiff to be injured. Defendant contends that plaintiff is comparatively at fault for contributing to his injuries. Fault requires a determination of the reasonableness of plaintiff's conduct under the circumstances. Defendant has pointed to no evidence of plaintiff's fault except to argue that plaintiff was not wearing a rear seat belt. In determining plaintiff's level of fault, the Court must consider all the circumstances of the accident to determine if plaintiff's conduct was reasonable, including where and how the accident took place. In making this inquiry, the Court cannot ignore that plaintiff was not required to wear a seat belt in the back seat under state law. *See* La. Revised Statutes Ann. § 32:295.1(B).

Further, defendant still has submitted no evidence that connects plaintiff's failure to wear a seatbelt in the back seat in this accident to the existence or extent of his injuries. Unsworn assertions are not evidence. As such, defendant's argument boils down to an assertion that failure to wear a seatbelt in the back seat is per se evidence of comparative fault

in any collision.  Without submitting some evidence as to how the lack of a seat belt in the back seat caused or exacerbated plaintiff's injuries, defendant failed to raise an issue of fact on comparative fault.

On a summary judgment motion, when defendant had the burden of proof on comparative fault, it was incumbent upon defendant to point to some record evidence demonstrating a contested issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). Alternatively, defendant could have filed a Rule 56(f) motion for additional time to conduct discovery and present evidence. *See* Fed. R. Civ. P. 56(f).

Because the Court finds that defendant has not raised any issues that merit altering the Court's judgment, defendant's motion for reconsideration is DENIED.

New Orleans, Louisiana, this  6th  day of December, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE